UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 20, 2014

LETTER TO COUNSEL:

RE:   *Andre Sheppard v. Commissioner, Social Security Administration*;
      Civil No. SAG-13-1239

Dear Counsel:

On April 26, 2013, the Plaintiff Andre Sheppard, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 11, 18). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Mr. Sheppard protectively filed his claim for SSI on August 24, 2007, alleging a disability onset of February 3, 2003. (Tr. 74–77). His claim was denied on December 4, 2007. (Tr. 45–48, 89). A hearing was held on January 21, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 17–38). Following the hearing, on March 30, 2009, the ALJ determined that Mr. Sheppard was not disabled during the relevant time frame. (Tr. 9–16). The Appeals Council denied Mr. Sheppard's request for review, *see* (Tr. 1–3), and Mr. Sheppard appealed to this Court pursuant to 42 U.S.C. § 405(g). The Commissioner consented to a remand of the case, *see* (Tr. 419), and on July 8, 2011, the Appeals Council vacated the ALJ's decision and remanded the case to the agency. (Tr. 415–17). A second hearing was held on December 12, 2012 before a different ALJ. (Tr. 367–412). At the hearing, Mr. Sheppard amended his alleged onset date to December 31, 2007. (Tr. 383). Following the hearing, on January 23, 2013, the ALJ determined that Mr. Sheppard was not disabled during the relevant time frame. (Tr. 280–89). While Mr. Sheppard indicated that he wished to file exceptions to the ALJ's hearing decision, it does not appear that he did so. (Tr. 276). More than 60 days have elapsed since the date of the ALJ's decision, and the Appeals Council has not assumed jurisdiction of the case, making the ALJ's decision the final, reviewable decision of the agency. *See* (Tr. 272–73); *see also* 20 C.F.R. 416.1484(d).

The ALJ found that Mr. Sheppard suffered from the severe impairments of degenerative disc disease of the lumbar spine, bilateral carpal tunnel syndrome, and residuals from a rupture of the left Achilles tendon. (Tr. 282). Despite these impairments, the ALJ determined that Mr. Sheppard retained the residual functional capacity ("RFC") to:

*Andre Sheppard v. Commissioner, Social Security Administration*;
Civil No. SAG-13-1239
May 20, 2014
Page 2

> perform light work as defined in 20 CFR 416.967(b) except the claimant can only stand and/or walk for 4-6 hours in an 8-hour workday; he must have a sit/stand option at will; he can occasionally climb ramps and stairs, ladders, ropes and scaffolds, balance, stoop, kneel, crouch or crawl; and he must avoid repetitive use of his wrists and hands, but can use them on a frequent basis.

(Tr. 283). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Sheppard could perform jobs existing in significant numbers in the national economy, and that he was not therefore disabled. (Tr. 288).

Mr. Sheppard raises one primary argument on appeal. He argues that the ALJ failed to adequately develop the administrative record by neglecting to order a consultative examination. Pl.'s Mot. 4–6. Mr. Sheppard notes that at the time of the ALJ's decision, "the record contained no evidence from any treating or examining health care provider for a period of over 27 months." Pl.'s Mot. 5. Mr. Sheppard contends that the ALJ was required to bridge this "evidentiary gap" by obtaining a consultative examination. *Id.* I disagree. An ALJ "has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F. 2d 1168, 1173 (4th Cir. 1986). However, an ALJ has discretion in deciding whether to order a consultative examination. 20 C.F.R. § 416.919a(a); *Bishop v. Barnhart*, 78 F. App'x 265, 268 (4th Cir. 2003). A consultative examination is only needed when the evidentiary record before the ALJ is inadequate. *France v. Apfel,* 87 F. Supp. 2d 484, 489–90 (D. Md. 2000). A consultative examination may be used to "resolve any conflicts or ambiguities within the record" or "to secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." *Kersey v. Astrue,* 614 F. Supp. 2d 679, 693 (W.D. Va. 2009); *see also* 20 C.F.R. § 416.919a(b).

Mr. Sheppard's record lacked medical evidence of his impairments for at least a two-year period. *See* (Tr. 370). However, remand is not appropriate here because the evidentiary gap does not "result in unfairness or clear prejudice." *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 272 (D. Md. 2003). Mr. Sheppard's December, 2012 hearing testimony and the existing medical evidence provides substantial evidence for the ALJ's conclusion that Mr. Sheppard is not disabled. Mr. Sheppard testified that he experiences pain in his hands and lower and upper back. (Tr. 385). He stated that he can lift between 15-20 pounds, sit for two hours maximum, and stand no longer than one hour. (Tr. 389–90). Despite Mr. Sheppard's subjective complaints, on examination in 2010, two consultative examiners reported normal findings. *See* (Tr. 687–88) (noting range of motion of lumbar spine was "limited and guarded," but normal heel-to-toe gait, comfortable ambulation, unlimited use of both upper extremities, and normal hand gripping power and dexterity); (Tr. 703–06) (noting normal gait, +5 grip in both hands, and symptoms controlled with medication). The ALJ also noted that the medical evidence contained several physical therapy records, which demonstrated significant improvement in range of motion, decreased intensity of symptoms, and increased functional strength. (Tr. 285). Mr. Sheppard's progress eventually plateaued and he was discharged to continue home exercise. *Id.* The ALJ

pointed out that Mr. Sheppard's treating physician, Dr. Menocal, provided opinion evidence, which directly contradicted Mr. Sheppard's own statements regarding his functional limitations. *See* (Tr. 286). Dr. Menocal opined that Mr. Sheppard could sit and stand only five minutes at a time, and that he could never twist, stoop, crouch, climb, or lift and carry less than 10 pounds. (Tr. 224–27). As noted above, however, Mr. Sheppard testified that he can lift between 15-20 pounds, and physical therapy records demonstrate that Mr. Sheppard is not as limited as Dr. Menocal opined. (Tr. 558–86). Mr. Sheppard further testified that he is capable of stooping and bending, though not often, and that he can climb stairs without any difficulty. *See* (Tr. 389, 399).

Mr. Sheppard makes no argument that his impairments have worsened, or that during the evidentiary gap, new impairments have arisen. *See Poyck v. Astrue*, 414 F. App'x 859, 861 (7th Cir. 2011) (finding consultative examination not warranted where existing medical record did not support a finding of disability and claimant failed to assert that his condition had deteriorated). In fact, Mr. Sheppard's 2012 hearing testimony regarding his functional limitations largely comports with his statements in two Function Reports from 2010, which suggests that Mr. Sheppard's symptoms have remained consistent during the evidentiary gap. *See* (Tr. 490–97) (January, 2010 Function Report stating that he suffers from muscle cramps and spasms that prevent him from lifting more than 10 pounds, and walking more than one block); (Tr. 518–25) (August, 2010 Function Report stating that his fingers cramp often, he can't stand for long periods of time, he can lift five pounds, and walk only half a block). My review is limited "not [to] whether the medical record before the ALJ was exhaustive, but [to] whether the record was complete enough to allow the ALJ to make all necessary determinations based upon substantial evidence." *Boyd v. Astrue*, BPG-09-0150, 2010 WL 3369362, at *4 (D. Md. Aug. 23, 2010). I find that the ALJ's decision rested upon substantial evidence, and thus, remand is not warranted.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 11) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 18) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge